IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, MD, MPH, | ) | C/A No.: 1:15-44-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| The State of South Carolina and the City of Columbia, South Carolina, | ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Marie Assa'ad-Faltas, proceeding pro se, filed this habeas petition pursuant to 28 U.S.C. § 2254, challenging a 2011 conviction in the Columbia Municipal Court. [ECF No. 1 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondents to file an answer.

I.      Factual Background

This petition seeks habeas relief "from 28 March 2011 'Contempt of Court'" conviction in Municipal Court in Columbia, South Carolina. [ECF No. 1 at 1]. Petitioner alleges that she appealed her conviction, but that in September 2011, South Carolina Circuit Court Judge Barber refused to hear her pro se appeal and dismissed the appeal when she failed to hire an attorney. *Id.* at 1. Petitioner states that she then appealed to the South Carolina Supreme Court, but claims that her appeal was returned to her unfiled in

December 2011. *Id.* Petitioner alleges that in November 2013, the South Carolina Supreme Court began allowing her to represent herself in criminal matters and she resubmitted her appeal to the South Carolina Supreme Court. *Id.* Petitioner states that in January 2014, her resubmitted appeal "was ended without a review of the merits." *Id.* Petitioner claims that she also attempted to seek post-conviction relief ("PCR"), but alleges that she was not allowed to appear pro se or seek appointment of PCR counsel. *Id.* Petitioner argues that the State of South Carolina has discriminatorily denied her the right to appeal her conviction. *Id.* Petitioner requests that the court "grant the writ and reverse the conviction with prejudice." *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

It is well-settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). "In custody" refers not only to physical confinement, but to other types of restraint on liberty such as probation and parole. *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238; *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Petitioner provides no facts in the pleading to demonstrate that she is in custody as required by § 2254(a). She provided a post office box for her address, and there is no indication the post office box is associated with any jail or prison. Therefore, this court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

III.  Conclusion

Accordingly, the undersigned recommends that this case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 12, 2015                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).